IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 25 - 41500 |
| MAXILL, INC. | ) | |
| | ) | |
| *Debtor* | ) | CHAPTER 11 |
| | ) | |
| | ) | BANKRUPTCY JUDGE |
| | | TIIARA N.A. PATTON |

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 25 - 41501 |
| MAXILL REALTY, INC. | ) | |
| | ) | |
| *Debtor* | ) | CHAPTER 11 |
| | ) | |
| | ) | BANKRUPTCY JUDGE |
| | ) | TIIARA N.A. PATTON |

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 25 - 41502 |
| MAXILL DENTAL, INC. | ) | |
| | ) | |
| *Debtor* | ) | CHAPTER 11 |
| | ) | |
| | ) | BANKRUPTCY JUDGE |
| | ) | TIIARA N.A. PATTON |

**MOTION OF DEBTORS AND DEBTORS IN POSSESSION
FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES
PURSUANT TO BANKRUPTCY RULE 1015(b)**

Maxill, Inc., Maxill Realty, Inc., and Maxill Dental, Inc. (each a "Debtor" and collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 cases, hereby submit this motion (the "Motion"), pursuant to Section 105(a) of Title 11 of the United States Code and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, for the joint administration of the above-captioned cases. The Debtors' request for joint administration is made for procedural purposes only.

## JURISIDICTION, VENUE AND PARTIES

1. The venue of the Debtors' Chapter 11 cases is proper pursuant to 28 U.S.C. § 1408 and 1409 and Local Bankruptcy Rules. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On December 9, 2025, Maxill, Inc. filed a voluntary petition in this Court for reorganization relief pursuant to Chapter 11 of the Bankruptcy Code.

3. On December 9, 2025, Maxill Realty, Inc. filed a voluntary petition in this Court for reorganization relief pursuant to Chapter 11 of the Bankruptcy Code.

4. On December 9, 2025, Maxill Dental, Inc. filed a voluntary petition in this Court for reorganization relief pursuant to Chapter 11 of the Bankruptcy Code.

5. The Debtors continue to operate their businesses and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. Maxill, Inc. previously operated a commercial distribution of dental equipment business at 500 W. Main Street, Cortland, Ohio 44410.

7. Maxill Realty, Inc. operates a commercial warehouse from a facility at 500 W. Main Street, Cortland, Ohio 44410.

8. Maxill Dental, Inc. is a commercial manufacturer and distributor of dental equipment at 500 W. Main Street, Cortland, Ohio 44410.

9. Maxill, Inc. is majority owned by Maxill, Inc., a Canadian corporation.

10. Maxill Realty, Inc. is owned by Maxill Dental, Inc.

11. Maxill Dental, Inc. is primarily owned by BaderCap Pty. Ltd., a secured creditor of Maxill, Inc. that acquired its assets in June, 2025.

## RELIEF REQUESTED

12. By this Motion, the Debtors seek the entry of an Order, pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b), authorizing the joint administration of the cases. This request is made for procedural purposes only.

13. Bankruptcy Rule 1015(b) provides in pertinent part, "[i]f a joint petition or two or more petitions are pending in the same court by or against… a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Court may also exercise its equitable powers to grant the relief requested herein. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a).

14. The Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). As stated above, all three Debtors are related in ownership and/or management. Because of this common control, joint administration of the Chapter 11 cases is appropriate pursuant to Bankruptcy Rule 1015(b).

15. The joint administration of the Chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Chapter 11 cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. The Debtors anticipate that numerous motions, applications, notices, other pleadings, hearings and orders in the Chapter 11 cases will affect many or all of the Debtors at the same time. Joint administration will save time, money and avoid duplicate and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein, and (b) file the papers in one case rather than in each of the Debtors' respective Chapter 11 cases.

16. Joint administration will also protect parties-in-interest by insuring that parties in interest in each of the Chapter 11 cases will be notified of the various matters before the Court in all of the Chapter 11 cases.

17. The rights of the respective creditors will not be adversely affected by the proposed joint administration of the Chapter 11 cases because each creditor may still file its claim against a particular estate. It is believed that the interest of all creditors will be enhanced by the reduction in costs associated with joint administration. The Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 cases by the Office of the United States Trustee will be simplified.

18. The Debtors propose that the official caption to be used by all parties in all pleadings in the jointly administered Chapter 11 cases should be required to indicate in the caption only that the pleading relates to Maxill, Inc., *et al.,* as set forth on Exhibit A attached hereto.

19. The Debtors submit that use of this simplified caption, naming only Maxill, Inc. without specific reference to the other debtors, will eliminate cumbersome and confusing procedures and ensure uniformity with respect to pleading identification.

20. Notice of this Motion has been given to the following parties: (a) the United States Trustee, (b) Subchapter V Trustee, (c) twenty-largest unsecured creditors, and (d) those parties that have requested notice in this case.

21. No previous Motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that this Court enter an Order authorizing the joint administration for procedure purposes only directing the form of caption to be used in the cases attached hereto as Exhibit A, granting the Motion and such other and further relief as this Court deems proper.

Dated: December 12, 2025.                    Respectfully submitted,

*/s/ Michael A. Steel*
Michael A. Steel (0072367)
Steel & Company Law Firm
2950 West Market Street, Suite G
Akron, Ohio 44333
Telephone: 330-223-5050
msteel@steelcolaw.com

*Proposed Attorney for Debtors*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion for Joint Administration was electronically transmitted on or about this 12th day of December, 2025, to the following who are listed on the Court's Electronic Mail Notice List:

Lauren Schoenewald, Office of the US Trustee, lauren.schoenewald@usdoj.gov

Frederic P. Schwieg, Subchapter V Trustee  fschwieg@schwieglaw.com

Scott N. Opincar, Counsel for Loops, L.L.C., sopincar@mcdonaldhopkins.com

*/s/ Michael A. Steel*
Michael A. Steel (0072367)

*Proposed Attorney for Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 25 - 41500 |
| MAXILL, INC., *et al.* | ) | (Jointly administered) |
| | ) | |
| *Debtor(s)* | ) | CHAPTER 11 |
| | ) | |
| | ) | BANKRUPTCY JUDGE |
| | | TIIARA N.A. PATTON |