UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

I<small>N RE</small> M<small>AXILL</small>, I<small>NC ET AL</small>
*Debtor(s)*

C<small>ASE</small> N<small>O</small>: 25-41500
J<small>UDGE</small> P<small>ATTON</small>
C<small>HAPTER</small> 11
S<small>UBCHAPTER</small> V

### MOTION OF THE SUBCHAPTER V TRUSTEE FOR POST-PETITION RETAINER PAYMENTS

Frederic P. Schwieg, the Subchapter V trustee (the "Trustee"), hereby submits this Motion of the Subchapter V Trustee for Post-Petition Retainer Payments (the "Motion"), and in support of the Motion, states as follows:

### FACTS AND BACKGROUND

1. Maxill, Inc, Maxill Dental, Inc. and Maxill Realty, Inc. (the "Debtors") filed their petitions for relief under chapter 11 of the Bankruptcy Code on December 9, 2025, and elected to proceed under Subchapter V of chapter 11.

2. On December 14, 2025, the Trustee was appointed by the Office of the United States Trustee. Section 1183(b) of the Bankruptcy Code requires the Trustee to immediately begin fulfilling his duties to the Debtors and the estates by, among other things, evaluating the initial pleadings, participating in the initial debtor interviews, and assessing avenues for ultimately facilitating a plan of reorganization. As a result, a fair amount of work must be done in the initial weeks of each case.

3. Pursuant to section 330 of the Bankruptcy Code, the Trustee is to be reasonably compensated for services, on an hourly basis, and is to be reimbursed for any actual and necessary out-of-pocket expenses incurred in connection with fulfilling his duties as trustee. Fee applications may be submitted on an interim basis pursuant to section 331 every 120 days, but as a practical matter, fee applications in Subchapter V cases are typically filed upon plan confirmation, which is usually the end or near the end of the trustee's duties.

4. It has become the practice in this district that when a Subchapter V debtor seeks and obtains permission to use cash collateral, the order and approved budget must allow for a payment to be made to the Subchapter V trustee, which payment is to be held subject to further approval of the Court. However, typically the Cash Collateral Order does not *require* any such advance payment; it simply authorizes the use of cash collateral for the purpose of paying professional fees.

5. There is no order allowing the use of cash collateral in this case as there is no security interest in the Debtors' cash collateral.

6. Likewise, it has also become the practice in this district that an order is put on authorizing interim payment of fees to professionals. However, such orders do not typically *require* any advance payment; it simply authorizes the use of cash collateral for the purpose of paying professional fees if available.

7. As a result, in many cases, the debtors do not make the payments that are permitted by cash collateral orders, and there is no requirement in the Bankruptcy Code that they do so. Unfortunately, the result is that, with some increasing frequency, the Trustee remains unpaid when the case is unsuccessful. Usually, there is little avenue for recovery when that occurs, because the Bankruptcy Code provides no mechanism for ensuring payment to trustees in unsuccessful cases, despite the fact that so much work must be done in the early weeks of each case.

8. Therefore, Trustee requests the entry of an order requiring the Debtors to make monthly payments to the Trustee, on the condition that the Trustee hold such payments on deposit in his firm's trust account, to be applied to fees only if and to the extent that such fees are awarded by a subsequent order of this Court.

9. The Trustee is cognizant of the economic challenges facing the Debtors and does not intend to unreasonably increase those challenges. Accordingly, the Trustee requests payment of the sum of $1,000.00 per month, until a total of $6,000 has been paid to the Trustee.

**AUTHORITY AND ARGUMENT**

10. The Bankruptcy Code is admittedly silent with respect to post-petition retainers for Subchapter V trustees. Section 330 governs compensation of trustees, and section 1183 provides for the duties of Subchapter V trustees, but neither makes any reference to retainers. Section 328(a) governs employment of professional persons and specifically authorizes retainers in appropriate circumstances. But, that section does not technically apply to Subchapter V trustees.

11. Nonetheless, the concept of a retainer, recognized in section 328(a), makes sense in Subchapter V cases. As noted above, Subchapter V trustees are required to perform services immediately upon appointment, without any ability to evaluate the likelihood of success in the case prior to appointment. Indeed, the issue of Subchapter V compensation has been receiving increasing attention in courts around the country, with some courts addressing the issue in their local rules or in form orders. At present, the Northern District of Ohio has not adopted local rules, general orders or form procedural orders addressing the issue of Subchapter V trustee compensation.

12. Accordingly, the Trustee is filing this Motion, requesting entry of an order requiring the Debtor to make post-petition retainer payments to the Trustee's firm, to be held in trust pending any award of fees that may be approved by this Court at a later time. The requested relief does not include any alteration to the provisions of section 1191(e) that are available to the Debtor with respect to formulating a plan that addresses the payment of certain priority claims.

13. The United States Trustee Program has taken the position that reasonable retainers meeting certain criteria, when approved by the Court, are appropriate. *See* https://www.justice.gov/archives/ust/blog/ustps-positions-select-sbra-legal-issues. Those parameters include, in addition to Court approval, ensuring that the amount of the retainer does not adversely affect the debtor's cash flow or ability to reorganize, retainers should not be drawn down without Court approval of fees and should be held in trust accounts as property of the estate, and retainers should not keep the debtor from paying administrative expenses over time in the case of a nonconsensual plan under § 1191(e). *Id*.

14. As a result, orders requiring post-petition payment retainers have been entered in cases around the country. Some examples are: Order Granting Motion of the Subchapter V Trustee for Post-Petition Retainer Payments, *In re Workz LLC*, case no. 25-52060 (Bankr. N.D. Ohio Jan 2026; Koschik, J.); Order Granting Motion of the Subchapter V Trustee for Post-Petition Retainer Payments, *In re TJ Trucking Enterprises*, case no. 25-31433 (Bankr. N.D. Ohio Aug. 2025, Gustafson, J.), Order Granting Motion Subchp. V Trustee for Post-Petition Sec. Deposit, *In re Level Eight, Inc.*, No. 21-41365-mxm-11 (Bankr. N.D. Tex. Aug. 25, 2021); Order Granting Motion Subchp. V Trustee for Post-Petition Sec. Deposit, *In re Miken Oil, Inc.*, No. 21-60115 (Bankr. E.D. Tex. May 18, 2021); Agreed Ord. Granting Motion Subchp. V Trustee for Post-Petition Sec. Deposit, *In re Chido, Inc*., No. 21-30449-hcm (Bankr. W.D. Tex. Aug. 27, 2021); Order Granting Subchapter V Trustee's Motion to Approve Post-petition Security Deposit, *In re American Vein & Lymphatic Society, LLC*, No. 24-18981 (Bankr. N.D. Ill. March 3, 2025) *See* Exhibit A Attached.

15. The Trustee submits that the requested post-petition retainer in this case, $1,000.00 per month, should be approved. This sum should not unreasonably impact the

4

Debtors' cash flow or its ability to reorganize. And, as noted above, the Trustee will hold any payments received in his firm's trust account, to be applied to his firm's invoices only if and to the extent that fees in this case are approved. Finally, nothing in the Motion seeks to alter the Debtors' ability to take advantage of section 1191(e) with respect to a plan providing for payment of certain administration claims through the plan. Thus, the relief sought herein comports with the guideposts suggested by the U.S. Trustee Program, while also providing some coverage for the Subchapter V Trustee's fees in the event that the case is dismissed or is otherwise ultimately unsuccessful. That coverage is important to the Trustee's ability to continue serving in this capacity. Accordingly, the Trustee submits that the relief sought is reasonable and appropriate and should be approved. A proposed form of order is attached hereto as Exhibit B.

WHEREFORE, the Trustee respectfully requests that the Court grant the relief sought in the Motion and grant his such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/ Frederic P. Schwieg
Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
19885 Detroit Rd. #239
Rocky River, OH 44116-1815
(440) 499-4506
fschwieg@schwieglaw.com
Subchapter V Trustee

### Certificate of Service

I hereby certify that on January 30, 2026, a true and accurate copy of the foregoing Motion of the Subchapter V Trustee for Retainer Payments has been served via the Court's Electronic Case Filing on these entities and individuals who are listed on the Court's Electronic Mail Notice List, as follows:

Benjamin Bejster on behalf of Creditor Loops, L.L.C.
bbejster@mcdonaldhopkins.com

Scott N. Opincar on behalf of Creditor Loop L.L.C.

sopincar@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com

Scott N. Opincar on behalf of Creditor Loops, L.L.C.
sopincar@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com

Diana Robinson on behalf of Creditor Dana Robie
diana@prwattorneys.com, allison@prwattorneys.com

Frederic P. Schwieg
fschwieg@schwieglaw.com, OH84@ecfcbis.com

Michael A. Steel on behalf of Debtor Maxill, Inc., et al.
msteel@steelcolaw.com,
masteel@bmdllc.com;steel.michaela.b133738@notify.bestcase.com

Lauren Schoenewald ust47 on behalf of U.S. Trustee United States Trustee
lauren.schoenewald@usdoj.gov

                                               */s/ Frederic P. Schwieg*
                                               Frederic P. Schwieg

# Exhibit A

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



John P. Gustafson
United States Bankruptcy Judge

Dated: August 26 2025

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| In re: | Chapter 11 |
|---|---|
| TJ Trucking Enterprises, LLC | Case No. 25-31433 (JPG) |
| Debtor. | Judge John P. Gustafson |

## ORDER GRANTING MOTION OF THE SUBCHAPTER V TRUSTEE FOR POST-PETITION RETAINER PAYMENTS

This matter, having been brought before the Court by Patricia B. Fugée, the Subchapter V trustee (the "Trustee"), by *Motion of the Subchapter V Trustee for Post-Petition Retainer Payments* (the "Motion"), and the Court having found that notice of the Motion was proper, no objections were filed against the Motion or, to the extent objections were filed, such objections have been withdrawn, resolved or overruled by this Court, and just cause having been shown, the Court finds the Motion to be well taken and hereby grants same.

IT IS THEREFORE ORDERED that the Motion is granted on the terms set forth herein;

IT IS FURTHER ORDERED that the Debtor shall pay a post-petition retainer of $300.00 per month to the Trustee, starting on the fifteenth (15th) day after entry of this Order and then

monthly on the same day of the month thereafter, continuing until further Order of the Court, without prejudice to the Trustee submitting a fee application and/or requesting an additional deposit;

IT IS FURTHER ORDERED that the Trustee shall cause her firm to hold all payments received in the firm's trust accounts until such time as the Trustee's fees and expenses have been approved by an Order of this Court or until further order of the Court;

IT IS FURTHER ORDERED that nothing in this Order shall prejudice the Debtor's right to rely on section 1191(e) of the Bankruptcy Code in connection with any plan in this case.

**IT IS SO ORDERED.**

# # #

Service list:

Patricia B. Fugee
patricia.fugee@fisherbroyles.com, cpbf11@trustesolutions.net

Milos Gvozdenovic on behalf of Creditor Sun Federal Credit Union
mgvozdenovic@weltman.com, ecfndoh@weltman.com

Spencer Lutz on behalf of U.S. Trustee United States Trustee
spencer.lutz@usdoj.gov

John P Murray on behalf of Creditor Transportation Alliance Bank Inc.
jmurray@mcglinchey.com

Eric R. Neuman on behalf of Debtor TJ Trucking Enterprises, LLC
Eric@drlawllc.com, kim@drlawllc.com; r50765@notify.bestcase.com; raymond@drlawllc.com; jennifer@drlawllc.com



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 25, 2021**

**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § | |
| § | Case No. 21-41365-mxm-11 |
| LEVEL EIGHT, INC., § | |
| § | Chapter 11 |
| Debtor. § | |

### ORDER GRANTING MOTION OF SUBCHAPTER V TRUSTEE
### FOR POST-PETITION SECURITY DEPOSIT

On this day came on for consideration the Subchapter V Trustee's Motion for Post-Petition Security Deposit (the "Motion") [Dkt. No. 25] filed by Brad W. Odell, Subchapter V Trustee (the "Trustee"), and the Court finds that: (a) it has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (b) consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157; (c) notice of the Motion was appropriate and no other or further notice of the Motion need be given; (d) no objections were filed against the Motion, or, to the extent objections were filed, such objections have been withdrawn, resolved, or overruled by this Order; and (e) the legal and/or factual basis set forth in the Motion establish just cause to grant the relief requested in the Motion. Accordingly,

IT IS, THEREFORE, ORDERED that the Motion is hereby granted on the terms set forth herein; it is

FURTHER ORDERED that the Debtor shall pay a post-petition security deposit of $5,000.00 to the Trustee in four (4) monthly installments of $1,250.00 with the first installment due within ten (10) days from when this Order is entered and the remaining monthly installments paid on the same day of each succeeding month, without prejudice to the Trustee requesting further fees and/or deposits; it is

FURTHER ORDERED that the Trustee shall hold such funds in a federally insured account until such time as Trustee's fees and expenses have been approved by an order of this Court or until further order of the Court.

###END OF ORDER###

Submitted and entry requested by:

By: /s/ Brad W. Odell
     Brad W. Odell
     Texas Bar No. 24065839

Mullin Hoard & Brown, L.L.P.
1500 Broadway, Suite 700
Lubbock, TX 79401
Email: bodell@mhba.com
Phone: 806-765-7491
*Subchapter V Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

IN RE:

MIKEN OIL, INC.

Case No. 21-60115
Chapter 11

Debtor

ORDER GRANTING MOTION OF SUBCHAPTER V TRUSTEE
FOR POST-PETITION SECURITY DEPOSIT

ON THIS DAY CAME ON FOR CONSIDERATION the Motion for Post-Petition Security Deposit (the "Motion") filed by Mark A. Weisbart, Subchapter V Trustee. After consideration of the Motion, the arguments presented by counsel, finding that notice was proper and that the Office of the United States Trustee has no objections to the Motion, it is the opinion of this Court that the Motion should be granted.

IT IS, THEREFORE, ORDERED that:

1. The Motion for Post-Petition Security Deposit is hereby granted; and

2. A post-petition security deposit of $5,000.00 shall be paid by the Debtor to the Trustee in five (5) monthly installments of $1,000.00 each commencing upon entry of this order and the remaining monthly installments paid on the same day of each succeeding month; and

3. The security deposit shall be maintained by the Trustee pending consideration of Trustee's fee application by this Court.

Signed on 5/18/2021

*Brenda T. Rhoades*    YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

**The relief described hereinbelow is SO ORDERED.**

**Signed August 27, 2021.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 (Subchapter V) |
| | § | |
| CHIDO, INC., | § | Case No. 21-30449-hcm |
| | § | |
| Debtor. | § | |

**AGREED ORDER GRANTING MOTION OF SUBCHAPTER V TRUSTEE
FOR POST-PETITION SECURITY DEPOSIT**

On this day came on for consideration the Subchapter V Trustee's Motion for Post-Petition Security Deposit (the "Motion") [Dkt. No. 46] filed by Brad W. Odell, Subchapter V Trustee (the "Trustee"), and the Court finds that: (a) it has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (b) consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157; (c) notice of the Motion was appropriate and no other or further notice of the Motion need be given; (d) no objections were filed against the Motion, or, to the extent objections were filed, such objections have been withdrawn, resolved, or overruled by this Order; and (e) the legal and/or factual basis set forth in the Motion establish just cause to grant the relief requested in the Motion. Accordingly,

IT IS, THEREFORE, ORDERED that the Motion is hereby granted on the terms set forth herein; it is

FURTHER ORDERED that the Debtor shall pay a post-petition security deposit of $3,000.00 to the Trustee in six (6) monthly installments of $500.00 with the first installment due upon Court approval and the remaining monthly installments paid on the same day of each succeeding month, without prejudice to the Trustee requesting further fees and/or deposits; it is

FURTHER ORDERED that the Trustee shall hold such funds in a federally insured account until such time as Trustee's fees and expenses have been approved by an order of this Court or until further order of the Court.

###

Submitted and entry requested by:

By: /s/ Brad W. Odell
Brad W. Odell
Texas Bar No. 24065839

Mullin Hoard & Brown, L.L.P.
1500 Broadway, Suite 700
Lubbock, TX 79401
Email: bodell@mhba.com
Phone: 806-765-7491
*Subchapter V Trustee*

AGREED:

E.P. Bud Kirk
Texas State Bar No. 11508650
600 Sunland Park Dr.
Bldg. Four, Suite 400
El Paso, Texas 79912
(915) 584-3773
(915) 581-3452 facsimile
budkirk@aol.com
*Attorney for the Debtor*

Agreed Order Granting Motion for Post-Petition Security Deposit - Page 2 of 2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re: ) BK No.: 24-18981
American Vein & Lymphatic Society, LLC )
)
) Chapter: 11
) Honorable Michael B. Slade
)
)
Debtor(s) )

**ORDER GRANTING SUBCHAPTER V TRUSTEE'S MOTION TO APPROVE POST-PETITION SECURITY DEPOSIT**

This matter coming before the Court on the Subchapter V Trustee's Motion to Approve Post-Petition Security Deposit,

IT IS ORDERED that the Motion is granted as follows:

1. Notice of the Motion that has been given is hereby approved.

2. The Debtor is authorized to pay the Subchapter V Trustee a post-petition security deposit of $6,000 in monthly installments of $2,000 delivered to the Subchapter V Trustee, with the first installment due within seven days of the approval of this Motion, and the remaining two monthly installments paid on the same day of each succeeding month.

3. The Trustee shall hold such funds in an insured account until such time as the Subchapter V Trustee's fees and expenses have been approved by the Court.

4. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Enter:

Honorable Michael B. Slade
United States Bankruptcy Judge

Dated: March 03, 2025

**Prepared by:**

Robert Handler
Commercial Recovery Associates, LLC
805 Greenwood Street
Evanston, IL 60201
(312) 845-5001
rhandler@com-rec.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re Maxill, Inc et al<br>*Debtor(s)* | Case No: 25-41500<br>Judge Patton<br>Chapter 11<br>Subchapter V |

### Order Granting Motion of the Subchapter V Trustee for Post-Petition Retainer Payments

The matter before the Court is the Motion of the Subchapter V Trustee for Post-Petition Retainer Payments [Doc.____] (the "Motion") filed by Frederic P. Schwieg, the Subchapter V trustee (the "Trustee").

The Court having found that notice of the Motion was proper, no objections were filed against the Motion or, to the extent objections were filed, such objections have been withdrawn, resolved or overruled by this Court, and just cause having been shown, the Court finds the Motion to be well taken and hereby grants same.

IT IS THEREFORE ORDERED that the Motion is granted on the terms set forth herein;

IT IS FURTHER ORDERED that the Debtor shall pay a post-petition retainer of $1,00.00 per month to the Trustee, starting on the fifteenth (15th ) day after entry of this Order

and then monthly on the same day of the month thereafter, continuing until a total of $6,000 has been paid to the Trustee or until further Order of the Court, without prejudice to the Trustee submitting a fee application and/or requesting an additional deposit;

IT IS FURTHER ORDERED that the Trustee shall cause her firm to hold all payments received in the firm's trust accounts until such time as the Trustee's fees and expenses have been approved by an Order of this Court or until further order of the Court;

IT IS FURTHER ORDERED that nothing in this Order shall prejudice the Debtor's right to rely on section 1191(e) of the Bankruptcy Code in connection with any plan in this case.

# # #

Prepared by,
/s/ Frederic P. Schwieg
Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
19885 Detroit Rd. #239
Rocky River, OH 44116-1815
(440) 499-4506
fschwieg@schwieglaw.com
Subchapter V Trustee

**ECF SERVICE**

Benjamin Bejster on behalf of Creditor Loops, L.L.C.
bbejster@mcdonaldhopkins.com

Scott N. Opincar on behalf of Creditor Loop L.L.C.
sopincar@mcdonaldhopkins.com, bkfilings@mcdonaldhopkins.com
Diana Robinson on behalf of Creditor Dana Robie
diana@prwattorneys.com, allison@prwattorneys.com

Frederic P. Schwieg
fschwieg@schwieglaw.com, OH84@ecfcbis.com

Michael A. Steel on behalf of Debtor Maxill, Inc., et al.
msteel@steelcolaw.com, masteel@bmdllc.com;steel.michaela.b133738@notify.bestcase.com

Lauren Schoenewald ust47 on behalf of U.S. Trustee United States Trustee
lauren.schoenewald@usdoj.gov