UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>MAXILL, INC., *et al.*,[1] | CASE NO. 25-41500 (TNAP)<br><br>(Jointly administered)<br><br>CHAPTER 11<br><br>JUDGE TIIARA N.A. PATTON |

**MOTION OF LOOPS, L.L.C. FOR ENTRY OF AN ORDER
CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO
THE PATENT INFRINGEMENT CLAIMS AGAINST THE NON-
DEBTOR DEFENDANTS PURSUANT TO 11 U.S.C. § 362**

Now comes Loops, L.L.C. ("Loops"), by and through undersigned counsel, and files this motion (this "Motion") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), confirming that the automatic stay does not apply to the Patent Infringement Claims (as defined below) against the Non-Debtor Defendants (as defined below) pursuant to 11 U.S.C. § 362. In support of this Motion, Loops states as follows:

**JURISDICTION**

1.      This Court has jurisdiction to hear and determine this motion under (i) 28 U.S.C. § 1334, (ii) applicable orders of the United States District Court for the Northern District of Ohio issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2).

**FACTUAL BACKGROUND**

**Parties**

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxill, Inc. (1406), case no. 25-41500; Maxill Realty, Inc. (2514), case no. 25-41501; and Maxill Dental, Inc. (1101), case no. 25-41502. The Debtors' address is 500 W. Main St., Cortland, OH 44410.

37533256.1

2.      Loops is a Delaware limited liability company that manufactures and sells patented oral-care products, including the Loops Flexbrush®, for use in correctional and institutional settings.

3.      Loops invents, manufactures, markets, and sells personal care products designed for distribution and use in correctional and mental health facilities. One of Loops's flagship products is the Loops Flexbrush®, a compact toothbrush with a flexible handle that cannot be fashioned into a weapon, making it ideal for use in these facilities.

4.      Loops owns certain intellectual property including (i) the '311 Patent entitled "Composite Toothbrush Having Safety Features and Methods of Making Same" and (ii) the '940 Patent entitled "Composite Head Toothbrush Having Safety Features."

5.      Upon information and belief, John Shaw is the founder, owner, and/or president of the following entities (collectively, the "Maxill Entities"): (i) Maxill, Inc., an Ohio corporation ("Maxill Ohio"); (ii) Maxill Realty, Inc. ("Maxill Realty" and together with Maxill Ohio, the "Debtor Defendants"); (iii) Maxill Dental, Inc. ("Maxill Dental" and together with the Debtor Defendants, the "Debtors")[2]; and (iv) Maxill, Inc., a Canadian corporation ("Maxill Canada").

6.      John Shaw and the Maxill Entities are engaged in the manufacture, distribution, and sale of competing oral-care products in the same institutional market.

7.      Upon information and belief, BaderCap PTY Ltd ("BaderCap" and together with John Shaw and Maxill Canada, the "Non-Debtor Defendants") is a part owner of Maxill Canada and an alleged creditor in the instant bankruptcy proceedings.

**Litigation Background**

---

[2]      Maxill Ohio and Maxill Realty are the only Debtors involved in the litigation with Loops described below. Loops has not alleged any claims against Maxill Dental.

37533256.1

8.      Upon information and belief, in or around 2012, John Shaw and Maxill Canada began promoting, offering to sell, and selling a competing flexible toothbrush under the designation, the Supermaxx toothbrush, in Canada and, eventually, throughout the United States.

9.      Loops first asserted patent infringement claims against John Shaw and Maxill Canada in Canada (the "Canadian Proceeding") beginning in or around 2012.  In April of 2014, the parties resolved the Canadian Proceeding by way of a confidential settlement agreement between the parties, which Loops understood at the time to resolve the parties' disputes.

10.     Shortly thereafter, however, questions arose as to Maxill Canada's compliance with the terms of the settlement agreement, resulting in a second litigation in Canada (the "Canadian Breach Proceeding"). The Canadian Breach Proceeding is currently pending with a trial date scheduled for April of 2026.

11.     In view of the Canadian Proceeding, Loops began investigating other infringing activities within the United States related to a particular patent owned by Loops.

12.     In July of 2017, Loops uncovered additional infringing activities and instituted a patent infringement action in Utah (the "Utah Proceeding") against Maxill Canada, as well as two additional parties within Maxill Canada's distribution chain in the United States.  *See Loops, L.L.C. et al. v. Bob Barker Co., Inc., Maxill Inc. et al.*, Case No. 17-cv-00123-PMW (C.D. Utah. Sept. 7, 2017).

13.     While Loops settled with the two additional parties in the Utah Proceeding, Maxill Canada transferred the case to Washington in the form of a complaint for declaratory judgment, which remains suspended pending the results of the Canadian Breach Proceeding. *See Maxill Inc. v. Loops, L.L.C. and Loops Flexbrush, L.L.C.*, Case No. 17-cv-01825-TSZ (W.D. Wash. Dec. 5, 2017).

14.     In the intervening years, Loops received issued patents for the '311 Patent and the '940 Patent in the United States, resulting in the ability to institute further actions against the Maxill Entities for continued infringing activities.

15.     On July 16, 2025, Loops filed a complaint in the United States District Court for the Southern District of California asserting patent infringement claims against John Shaw and Maxill Canada (the "California Action"). *See Loops, L.L.C. v. Maxill Inc. and John Dennie Shaw*, Case No. 25-cv-1814-JLS DDL (S.D. Cal. July 16, 2025).

16.     In October 2025, while the California Action was pending, Loops learned of Maxill Ohio, Maxill Realty, and BaderCap through various filings with the Ohio Secretary of State and through Loops's counsel in the Canadian Proceeding.

17.     Upon information and belief, John Shaw and Maxill Canada were using the other Maxill Entities to distribute the Supermaxx toothbrush throughout the United States thereby further infringing upon Loops's patents.

18.     On October 30, 2025, Loops moved to voluntarily dismiss the California Action without prejudice.

**The Ohio Litigation and Bankruptcy**

19.     On October 30, 2025, Loops also filed a new complaint (the "Ohio Case") in the United States District Court for the Northern District of Ohio (the "District Court") asserting (i) two patent infringement claims against John Shaw, Maxill Canada, BaderCap, Debtor Maxill Ohio, and Debtor Maxill Realty (the "Patent Infringement Claims"); and (ii) a fraudulent transfer claim against John Shaw, BaderCap, and Debtor Maxill Realty (the "Fraudulent Transfer Claim"). *See Loops, L.L.C. v. Maxill Inc., et al.*, Case No. 4:25-cv-02346-BYP (N.D. Ohio Oct. 31, 2025).

20. By November 24, 2025, all defendants in the Ohio Case had been served the Complaint and summonses. (*See* Ohio Case, Docket Nos. 9, 10, 12–14).

21. On December 9, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 (Ohio Case, Docket No. 1). The Debtors have elected to proceed under subchapter V of title 11.

22. On December 15, 2025, the Debtor Defendants filed a *Suggestion of Bankruptcy* in the District Court Case (Ohio Case, Docket No. 15).

23. Pursuant to 11 U.S.C. § 362(a), the filing of the voluntary petitions operates as an automatic stay prohibiting the continuation of the Patent Infringement Claims and Fraudulent Transfer Claim against the Debtor Defendants.

24. Section 362 of the Bankruptcy Code does not automatically stay the continuation of the Patent Infringement Claims against the Non-Debtor Defendants.

25. On December 23, 2025, the John Shaw, the Debtor Defendants, and Maxill Canada filed the *Motion to Stay Proceedings or Extend Time to File Responsive Pleadings* (Ohio Case, Docket No. 17), (the "Motion To Stay"), in the District Court Case. In the Motion To Stay, John Shaw, the Debtor Defendants, and Maxill Canada acknowledge that "the bankruptcy stay does not automatically extend to Maxill Canada or Shaw." (Ohio Case, Docket No. 17).

26. On January 6, 2026, Loops filed its response to the Motion To Stay (Ohio Case, Docket No. 18). The Motion to Stay has not yet been set for hearing.

27. On January 15, 2026, John Shaw and Maxill Canada filed the *Motion to Dismiss, Transfer, or Stay Complaint* (Ohio Case, Docket No. 22), (the "Motion To Dismiss"). On February 5, 2026, Loops filed its response to the Motion To Dismiss. The Motion To Dismiss has not yet been set for hearing.

28.     On February 5, 2026, Loops filed its First Amended Complaint (Ohio Case, Docket No. 24), in the Ohio Case adding additional factual allegations concerning non-debtor John Shaw and addressing arguments raised in the Motion to Dismiss regarding the sufficiency of the veil-piercing allegations in the original Complaint. The First Amended Complaint contains the following revisions: (i) additional and expanded allegations concerning the conduct, control, and actions of John Shaw; (ii) additional veil-piercing and alter-ego allegations directed at John Shaw including as to transfers, transactions, and corporate relationships directed or orchestrated by him; and (iii) corresponding revisions to incorporated allegations, paragraph numbering, and the prayer for relief. The First Amended Complaint does not contain any substantive edits and does not advance any new or substantive claims against the Debtor Defendants.[3]

## BASIS FOR RELIEF

29.     "[T]he filing of a bankruptcy petition triggers an automatic stay that both protects the debtor and 'safeguards property of the bankruptcy estate.'" *In re Johnson*, 548 B.R. 770, 786 (Bankr. S.D. Ohio 2016) (quoting *In re Nicole Gas Prod., Ltd.*, 519 B.R. 723, 736 (Bankr.S.D.Ohio 2014)).

30.     Section 362 of the Bankruptcy Code operates as a stay against "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

---

[3]     Filing an amended complaint does not violate the automatic stay when the amended complaint does not advance or continue the lawsuit against the debtor defendants. *See, e.g.*, *In re Gronczewski*, 444 B.R. 526, 530 (Bankr. E.D. Pa. 2011) ("The only question is whether, by filing the Amended Complaint, the [plaintiffs] also took some further action (i.e., 'continued' the lawsuit in some fashion) against the Debtor.").

37533256.1

31.     It is a "black letter bankruptcy principle that § 362(a) does not create a general, automatic stay of a creditor's right to assert claims against non-debtor parties who are related to the debtor in some fashion." *In re Irwin*, 457 B.R. 413, 418 (Bankr. E.D. Pa. 2011).

32.     "Instead, actions against nondebtor codefendants may be stayed under § 362(a)(1) only in 'unusual circumstances,' which can arise where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Johnson*, 548 B.R. at 787 (quoting *Am. Imaging Servs., Inc. v. Eagle–Picher Indus., Inc. (In re Eagle–Picher Indus., Inc.)*, 963 F.2d 855, 861 (6th Cir. 1992)).

33.     Neither this Court nor the District Court have stayed the Ohio Case with respect to any of the Non-Debtor Defendants.

34.     Section 362 of the Bankruptcy Code further stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

35.     The Fraudulent Transfer Claim is either property of the Debtors' estates or aims to recover property that is property of the Debtors' estates, and is therefore stayed pursuant to Section 362(a)(3) of the Bankruptcy Code.

36.     Nothing herein is intended to be or should be construed as waiving any rights or remedies available to any party in interest under applicable law, including, without limitation, the right to seek relief from the automatic stay pursuant to 11 U.S.C. § 362, or, in the alternative, to request the imposition, extension, modification, or enforcement of any stay by this Court.

37533256.1

**RELIEF REQUESTED**

37.     As set forth above, the automatic stay does not apply to the Patent Infringement Claims against the Non-Debtor Defendants that Loops has asserted in the Ohio Case.

38.     Neither this Court nor the District Court have extended the stay to cover the Patent Infringement Claims against the Non-Debtor Defendants.

39.     For the avoidance of doubt, Loops does not dispute that the automatic stay applies to the Fraudulent Transfer Claim.

WHEREFORE, Loops respectfully requests this Court to:

A.     Grant the Motion;

B.     Enter an order confirming that the automatic stay does not apply to the Patent Infringement Claims against the Non-Debtor Defendants; and

C.     Provide such other and further relief as the Court deems just and appropriate.

February 12, 2026                                      Respectfully Submitted,

                                                      /s/ *Scott N. Opincar*
                                                      Scott N. Opincar (0064027)
                                                      MCDONALD HOPKINS LLC
                                                      600 Superior Avenue, East, Suite 2100
                                                      Cleveland, Ohio  44114
                                                      Telephone:  (216) 348-5400
                                                      Facsimile:  (216) 348-5474
                                                      E-Mail:  sopincar@mcdonaldhopkins.com

                                                      AND

                                                      Benjamin W. Bejster (*pro hac vice*)
                                                      MCDONALD HOPKINS LLC
                                                      300 N. LaSalle Street, Suite 1400
                                                      Chicago, IL 60654
                                                      Telephone:  (312) 280-0111
                                                      Facsimile:  (312) 280-8232
                                                      E-Mail:  bbejster@mcdonaldhopkins.com

                                                      *Counsel for Loops, L.L.C.*

37533256.1

**Exhibit A**

Proposed Order

37533256.1

| | |
|---|---|
| IN RE: | CASE NO. 25-41500 |
| MAXILL, INC., *et al.*,[4] | (Jointly administered) |
| | CHAPTER 11 |
| | JUDGE TIIARA N.A. PATTON |

**[PROPOSED] ORDER CONFIRMING THAT THE AUTOMATIC STAY
DOES NOT APPLY TO THE PATENT INFRINGEMENT CLAIMS
AGAINST THE NON-DEBTOR DEFENDANTS PURSUANT TO 11 U.S.C.
§ 362 [RELATED TO DOCKET NO.   ]**

This matter came before the Court upon consideration of the *Motion of Loops, L.L.C. for*

*Entry of an Order Confirming that the Automatic Stay does not Apply to the Patent Infringement*

---

[4]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxill, Inc. (1406), case no. 25-41500; Maxill Realty, Inc. (2514), case no. 25-41501; and Maxill Dental, Inc. (1101), case no. 25-41502. The Debtors' address is 500 W. Main St., Cortland, OH 44410.

37533256.1

*Claims Against the Non-Debtor Defendants Pursuant to 11 U.S.C. § 362* (the "Motion")[5]; and

finding that due and sufficient notice of the Motion has been given; and finding that the Court has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding

under 28 U.S.C. § 157(b)(2); and after due deliberation and sufficient cause appearing therefore,

based upon the record, the Court finds that grounds exist to grant the Motion. Accordingly,

IT IS HEREBY ORDERED that the Motion is GRANTED and the automatic stay imposed

by 11 U.S.C. § 362(a) in the above-captioned bankruptcy cases does not apply to the Patent

Infringement Claims against the Non-Debtor Defendants, including John Shaw, Maxill Canada,

and BaderCap, asserted in the Ohio Case.

IT IS FURTHER ORDERED that nothing in this Order shall be construed to permit any

action against the Debtors in the above-captioned bankruptcy cases or property of the Debtors'

bankruptcy estates, including the Patent Infringement Claim, in violation of the automatic stay or

orders of the United States Bankruptcy Court, or to preclude any party from seeking further relief

as may be appropriate.

# # #

Prepared by:

By: /s/ *Scott N. Opincar*
**McDonald Hopkins LLC**
Scott N. Opincar (0064027)
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Fax: (216) 348-5474
sopincar@mcdonaldhopkins.com

---

[5]     Capitalized terms used but not otherwise defined in this Order have the meaning ascribed to them in the Motion.

37533256.1