| | |
|---|---|
| **IN RE:** | **CASE NO.:** **25-41500 (TNAP)**<br>**(Jointly administered)** |
| **MAXILL, INC.,** *et al.* | |
| | **CHAPTER 11** |
| | **JUDGE TIIARA N.A. PATTON** |

**BRIEF OF CREDITOR DANA ROBIE ON MOTION OF THE UNITED STATES
TRUSTEE FOR ENTRY OF AN ORDER CONVERTING OR DISMISSING
CHAPTER 11 CASE PURSUANT TO 11 U.S.C. 1112(b)**

In accordance with the Order dated March 25, 2026, Creditor Dana Robie ("Ms. Robie") hereby submits her Post-Hearing Brief outlining her position regarding the disposition of the United States Trustee's Motion to Dismiss. The Court has asked the parties to address whether the Court should: (1) enter the Agreed Order converting the case of maxill, Inc. to chapter 7 and dismissing the cases of maxill Dental, Inc. and maxill Realty, Inc; (2) convert all three cases to chapter 7; (3) dismiss all three cases; or (4) order the appointment of a chapter 11 trustee. It is Ms. Robie's position that this Court should dismiss all three debtors. In no event should this Court enter the Agreed Order converting the case of maxill, Inc. to chapter 7 and dismissing the cases of maxill Dental, Inc. and maxill Realty, Inc. Finally, while Ms. Robie would prefer conversion of all debtors to chapter 7 or the appointment of a chapter 11 trustee if the debtors remain in chapter 11 over the proposed Agreed Order, those options are less favorable than dismissal as they would require a

substantial amount of time and resources for both the Court and the parties without putting the creditors in a better position than they would be in as a result of dismissal.

### A. This Court should dismiss all three debtors.

Ms. Robie hereby incorporates the facts and arguments set forth in her Joinder in support of the Motion of the United States Trustee for Entry of an Order Converting or Dismissing Case Pursuant to 11 U.S.C. 1112(b) (DOC. # 73) as well as her Motion for Entry of an Order Dismissing Case Pursuant to 11 U.S.C. 112(b) (DOC. # 106). There is reason to dismiss all three debtors pursuant to the Trustees' Motion under section 112(b)(4)(A), (C), (E), (F), and (H). Additionally, there is ample reason to dismiss the debtors on the basis of bad faith as set forth in Ms. Robie's Motion to Dismiss. The debtors fraudulently filed their bankruptcy petitions on the eve of a hearing in Trumbull County over funds that had been garnished from one of the debtor's bank accounts. If the debtors' cases are dismissed, Ms. Robie can continue her collection efforts in state court, creditor Loops can continue its court actions against the debtors, and the debtors' will be stopped from continuing to use the bankruptcy process improperly to delay and hinder legitimate collection activity.

### B. This Court should not enter the Agreed Order converting the case of maxill, Inc. to chapter 7 and dismissing the cases of maxill Dental, Inc. and maxill Realty, Inc.

Ms. Robie hereby incorporates the detailed factual narrative and arguments made in her Objection to the Proposed Agreed Order Resolving Motion of the United States Trustee for Entry of an Order Converting or Dismissing Chapter 11 Cases pursuant to 11 U.S.C. 1112(b) (DOC. #105) as well as her Objection to the Motion of Debtor and Debtor-in-Possession maxill Realty, Inc. to Release Certain Funds that are Assets of the Bankruptcy Estate Currently Being Held by the Trumbull County Clerk of Courts (DOC. #104), which fully explain why the proposed Agreed Order is not in the best interest of the creditors and would instead encourage and facilitate

25-41500-tnap    Doc 114    FILED 04/08/26    ENTERED 04/08/26 12:35:30    Page 2 of 5

additional fraudulent activity by the debtors. Because the debtors are indistinguishable from one another, it would be inappropriate to convert one while dismissing the others. As such, Ms. Robie respectfully requests that this Court reject the proposed Agreed Order.

**C. This Court should not convert all three cases to chapter 7 or continue with the cases under chapter 11.**

As noted above, Ms. Robie believes dismissal of all three cases is appropriate. However, if this Court is inclined to keep some or all the debtors in bankruptcy, Ms. Robie is adamant that all three debtors must be treated the same. As a result, Ms. Robie finds the options of converting all debtors to chapter 7 or the appointment of a chapter 11 trustee[1] if the cases stay in chapter 11 to be preferable to acceptance of the proposed Agreed Order.

Even though these options would be preferable to any scenario in which the debtors are treated differently, neither is better than outright dismissal as conversion to chapter 7 or the appointment of a chapter 11 trustee would result in the waste of an exorbitant amount of judicial resources and of the resources of the parties, diminishing the possibility of full recovery by creditors. Prior to the filing of these bankruptcy petitions, Ms. Robie uncovered ample evidence to support a finding that the debtors, as well as maxill Canada, are all alter-egos of one another and thus are all liable for Ms. Robie's judgment against maxill, Inc. The documents filed in these bankruptcy cases further support a finding of alter-ego status as well as reveal various fraudulent and preferential transfers. If the cases are dismissed and the automatic stay is lifted, Ms. Robie will immediately resume collection action and will likely recover approximately $76,000 on her judgment in a matter of weeks or months. The only other legitimate creditor, Loops, will be able to continue its litigation against the debtors and other related entities.

---

[1] If this Court chooses to keep the debtors in chapter 11, a trustee must be appointed, as John Shaw cannot be trusted to run the companies during the pendency of the chapter 11 case.

3

If these cases stay in bankruptcy, either under chapter 7 or chapter 11, a considerable amount of time and resources will be spent unnecessarily, recovery to creditors will be delayed, and the debtors will have more time to continue their improper and fraudulent activity. For example, the chapter 7 or chapter 11 trustee would need to spend countless hours reviewing documents and evidence just to get up to speed, adversary proceedings will inevitably need to be filed to substantively consolidate the debtors, or to undue the alleged fraudulent transfers, or to take other appropriate action against the debtors. It would likely take many months to get where Ms. Robie already is in state court with regard to collection at a large financial expense, reducing the likelihood of a full recovery to creditors.

WHEREFORE, Ms. Robie respectfully requests this Court to:

A. Reject the Proposed Agreed Order Resolving Motion of the United States Trustee for Entry of an Order Converting or Dismissing Chapter 11 Cases Pursuant to 11 U.S.C. 1112(b);

B. Dismiss the debtors' cases; and

C. Grant such other relief as is appropriate.


April 8, 2026

Respectfully submitted,

*/s/Diana Robinson*
Diana Robinson (0086642)
Paoff & Robinson, LLC
405 Madison Ave., Suite 1100
Toledo, Ohio 43604
Phone: (419) 243-9005
Fax: (419) 243-9404
E-mail: Diana@prwattorneys.com
Attorney for Creditor Dana Robie

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was electronically transmitted on this 8th day of April, 2026, to the following who are listed on the Court's Electronic Mail Notice List:

Lauren Schoenewald, Office of the US Trustee, lauren.schoenewald@usdoj.gov

Frederic P. Schwieg, Subchapter V Trustee fschwieg@schwieglaw.com

Scott N. Opincar, Counsel for Loops, L.L.C., sopincar@mcdonaldhopkins.com

Michael A. Steel, Counsel for Debtors, msteel@steelcolaw.com

_/s/ Diana Robinson_
Diana Robinson (0086642)

Counsel for the Creditor Dana Robie

5