IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 25 - 41500 |
| | ) | |
| MAXILL, INC., *et al.* | ) | (Jointly administered) |
| | ) | |
| *Debtor(s)* | ) | CHAPTER 11 |
| | ) | |
| | ) | BANKRUPTCY JUDGE |
| | | TIIARA N.A. PATTON |

**POST-HEARING BRIEF OF DEBTORS AND DEBTORS IN POSSESSION IN SUPPORT OF AGREEMENT BETWEEN THE U.S. TRUSTEE AND DEBTORS TO CONVERT THE CASE OF MAXILL INC. TO CHAPTER 7 AND DISMISS THE CASES OF MAXILL DENTAL, INC. AND MAXILL REALTY, INC.**

NOW COMES Debtors and Debtors in possession Maxill, Inc., Maxill Realty, Inc., and Maxill Dental, Inc. (collectively the "Debtors") and pursuant to *Order Scheduling Post-Hearing Briefing on Motion of the United States Trustee for Entry of an Order Converting or Dismissing Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)* [Doc. No. 112] (the "Post-Hearing Briefing Order") hereby files their Brief in Support of Agreement Between the U.S. Trustee and Debtors to Convert the Case of Maxill Inc. to Chapter 7 and Dismiss the Cases of Maxill Dental, Inc. and Maxill Realty, Inc. and to address the other options set forth in the Court's scheduling order of March 25,2026 [Doc. No. 112] (the "Debtors' Brief in Support").

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

On December 9, 2025, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 and are proceeding under subchapter V of title 11. [Doc. 1]. The Debtor Maxill Inc. previously operated a dental supply marketing and distribution business, The Debtor Maxill Realty, Inc. owns a commercial property in Cortland, Ohio that leases spaces to various tenants unrelated to the Debtors and previously leased space to Maxill Inc. and now leases commercial space to Maxill Dental, Inc. The Debtor Maxill Dental, Inc. operates a dental supply and distribution business primarily serving dental offices and government customers throughout the United States.

On January 23, 2026, the United States Trustee ("UST") filed a Motion for Entry of an Order Converting or Dismissing Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b) [Doc. No. 56] (the "Motion to Dismiss"). Debtors filed their objection to the UST's Motion to Dismiss on February 6, 2026 [Doc. No. 80] ("Debtors' Objection"). On March 12, 2026, the UST filed a motion to convert the evidentiary hearing to status conference [Doc. No. 100] ("Motion to Convert") citing that an agreement in principle had been reached between the UST and the Debtors an agreement that would resolve the Motion to Dismiss and generally and practically address all other contested matters in the case. The agreement between the UST and Debtors was attached to the UST's Motion to Convert as Exhibit A [Doc. 100, Exh. A] (the "Agreed Order"). The Agreed Order proposes converting the case of Maxill, Inc. to chapter 7 and dismissing the cases of Maxill Dental, Inc. and Maxill Realty, Inc.

In the Post-Hearing Briefing Order, this Court asks the parties to address whether the Court should: (1) enter the Agreed Order between the United States Trustee and Debtors converting the case of Maxill, Inc. to chapter 7 and dismissing the cases of Maxill Dental, Inc. and Maxill Realty, Inc.; (2) convert all three cases to chapter 7; (3) dismiss all three cases; or (4) order the appointment of a chapter

11 trustee. For the reasons stated herein, Debtors ask this Court to enter the Agreed Order converting the case of Maxill, Inc. to chapter 7 and dismissing the cases of Maxill Dental, Inc. and Maxill Realty, Inc.

**A.  <u>The Court should Enter the Agreed Order between the United States Trustee and Debtors.</u>**

11 U.S.C. §1112(a) gives ***a debtor the ability to convert their case to chapter 7***. The Debtor may convert to a case under chapter 7 unless: (1) the debtor is not a debtor in possession; (2) the case was originally commenced as an involuntary case..; or (3) the case was converted to a case under [chapter 11] other than on the debtor's request. 11 U.S.C. §1112(a). None of these factors applies and therefore there are no facts in the instant cases that would limit the Debtor's ability to elect to convert to a chapter 7 proceeding. By entering the proposed Agreed Order, the Debtor Maxill, Inc. is effectively seeking to exercise this right under 11 U.S.C. § 1112(a). Prior to this Court's consideration of "for cause" dismissal analysis, the Debtor Maxill, Inc. urges the Court not to dispense with Debtor Maxill, Inc.'s right to seek conversion to chapter 7.

Under 11 U.S.C.S. 1112(b)(1), except as provided in paragraph (2) and subsection (c), on request of a party in interest … the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

Cause for dismissal exists if there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. 11 U.S.C.S. § 1112(b)(4)(A). To satisfy section 1112(b)(1), both conditions -- loss to or diminution of the estate *and* no reasonable likelihood of rehabilitation -- must be present. *In re Rey*, Bankr.N.D.Ill. Nos. 04 B 35040

(substantively, 04 B 22548, 06 B 4487), 2006 Bankr. LEXIS 1803, at *15 (Aug. 21, 2006). If cause is shown, the choice of conversion or dismissal depends on the best interest of creditors and the estate. 11 U.S.C. § 1112(b). Whether to dismiss, convert, or do neither is a decision committed to the bankruptcy court's "broad discretion." *Id*. at 12. The question is not just whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort. *Id.* at 16 – 17.

Creditors are best served by the course of action that results in the largest number of creditors being paid the largest amount of money in the shortest amount of time and the best interests of the estate depend on whether the economic value of the estate is greater in or out of bankruptcy. *Id*. at 25. The analysis is always case-by-case, and the decision rests with the court's discretion. *Id.* Once a bankruptcy court determines that "cause" exists under § 1112(b)(1), it is under an obligation to dismiss the case, unless the court "identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate," and the debtor establishes that:

(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)

(i) for which there exists a reasonable justification for the act or omission; and

(ii) that will be cured within a reasonable period of time fixed by the court.

*In re Four Wells Ltd.*, Bankr.6thCir. No. 15-8020/8021/8022/8023, 2016 Bankr. LEXIS 1673, at *44 (Apr. 12, 2016).

*i.* ***Maxill, Inc. should be converted to chapter 7 and not dismissed.***

Here, Maxill, Inc's. business prospects do not support continued efforts of reorganization. Maxill, Inc. is facing a loss to or diminution of its estate and with no reasonable likelihood of rehabilitation. Specifically, Maxill, Inc. has little assets and has no way of generating any income. Although Debtors deny the existence of any fraudulent transfer between Maxill, Inc. and Maxill Dental, Inc. through a secured party sale, by converting Maxill, Inc. to a chapter 7 proceeding, any concerns that the UST may have could be addressed and investigated by a chapter 7 trustee. Therefore, conversion of Maxill, Inc. to chapter 7 would be in the best interest of creditors and Maxill Inc's estate.

*ii.* ***Maxill Dental, Inc. and Maxill Realty, Inc. should be dismissed and not converted.***

Maxill Dental, Inc. and Maxill Realty, Inc. have few creditors and are still operating. Dismissal of these cases would be more appropriate than conversion, as conversion would result in the Debtors' inability to continue business operations, cause the immediate closure of its business operations, cease the ability to deliver critical dental supplies to dental offices and governmental customers across the country, and cause the lay-off of Maxill Dental's employees. Converting Maxill Dental, Inc. and Maxill Realty, Inc. to chapter 7 would not be in the best interest of creditors or their estates and therefore dismissal is more appropriate than conversion.

*iii.* **The United States Trustee, the Subchapter V Trustee and the Debtor-in-possession's judgment should be given deference.**

Federal Rule of Bankruptcy Procedure 9019 instructs that on motion of the trustee … the court

may approve a compromise or settlement. Feb. R. Bankr. P. 9019. At a minimum, settlement agreements must be fair and reasonable, and the ultimate decision to approve a settlement lies within the sound discretion of the bankruptcy court. *In re Ortiz*, 619 B.R. 273, 275 (Bankr.M.D.Fla.2020). Although a trustee bears the burden of showing that a compromise is fair and reasonable, it is the court's role to ensure that the trustee is exercising proper business judgment. *Id.* Courts give trustees considerable deference in exercising their business judgment regarding settlements, but it is not without limit and there must be at least some rational business purpose to support the disinterested trustee's decision. *Id.*

While Debtors acknowledge that an agreed order is not an identical substitute for a settlement agreement or compromise, the Debtors argue that the principle that the trustee's judgment is to be afforded deference remains unchanged. In this case, by submitting the Agreed Order in place of asking this Court to ruling on the UST's Motion to Dismiss and Debtors' Objection, the UST appears satisfied that any concerns raised within the Motion to Dismiss could be fully resolved through the Agreed Order. It is the Debtors' understanding that the Subchapter V Trustee supports the Agreed Order proposed disposition of the cases.

### B. *The Court should not order the appointment of a chapter 11 trustee.*

Section 1104 of the Bankruptcy Code states that **on request of a party in interest or the United States Trustee**, the Court shall order the appointment of a trustee for cause or if such appointment is in the best interest of creditors. 11 U.S.C. § 1104(a) *emphasis added*. Respectfully, Debtors note that no party in interest or the United States Trustee are seeking the appointment of a chapter 11 trustee. While this may preclude further consideration of this option, there are also an abundance of practical considerations that suggest that the appointment of a chapter 11 trustee is unwarranted.

Maxill, Inc. has no ability to pay a chapter 11 trustee and would only lead to increased costs for

the estate. Additionally, there are sufficient facts established that Maxill Realty, Inc. should not remain a subchapter V debtor as it operates a single piece of commercial real estate. Further complicating matters is the fact that Maxill Dental, Inc. could remain in subchapter V but only the Debtor can file a chapter 11 plan under 11 U.S.C. §1189. This would limit the effectiveness of a such chapter 11 trustee. In all small business type cases, the concern and burden of administrative costs of appointing a chapter 11 trustee should be considered. Here, the cost of appointment of a trustee would seem to greatly outweigh any benefit to the estates. Accordingly, a chapter 11 trustee is not in the best interest of creditors.

WHEREFORE, the Debtors Maxill, Inc., Maxill Realty, Inc. and Maxill Dental, Inc. respectfully request the Court adopt the proposed Agreed Order that would dismiss the cases of Maxill Realty, Inc. and Maxill Dental, Inc. and convert the case of Maxill, Inc. to a chapter 7 proceeding that would permit a trustee to investigate the potential fraudulent conveyance transfer that appears to be one of the primary root concerns of the many connected and potentially complicating issues raised in these cases.

Dated: April 9, 2026.        Respectfully submitted,

STEEL & COMPANY LAW FIRM

*/s/ Michael A. Steel*
Michael A. Steel (0072367)
2950 W. Market Street, Suite G
Fairlawn, Ohio 44333
P: (330) 223 – 5050 / F: (330) 223 – 5509
msteel@steelcolaw.com

*Attorney for Debtors*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was electronically transmitted on or about this 9th day of April 2026, to the following who are listed on the Court's Electronic Mail Notice List:

Michael A. Steel, Attorney for Debtors, msteel@steelcolaw.com

Lauren Schoenewald, Office of the US Trustee, lauren.schoenewald@usdoj.gov

Frederic P. Schwieg, Subchapter V Trustee  fschwieg@schwieglaw.com

Scott N. Opincar, Counsel for Loops, L.L.C., sopincar@mcdonaldhopkins.com

Diana Robinson, Attorney for Dana Robie, diana@prwattorneys.com


/s/  Michael A. Steel
MICHAEL A. STEEL#0072367